IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MARK N. BEGLEY, | ) | CIVIL 16-00350 LEK-KJM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, DARRYL PERRY, ROY ASHER, MICHAEL CONTRADES AND DOE DEFENDANTS 16-100, | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS TO DISMISS
<u>PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

On May 23, 2017, Defendant Michael Contrades, in his individual capacity ("Contrades"), filed his Motion to Dismiss Plaintiff's First Amended Complaint Filed May 5, 2017 ("Contrades Motion"). [Dkt. no. 111.] The Court finds that further briefing on this matter is not necessary, and this matter is suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). The Contrades Motion is hereby granted in part and denied in part for the reasons set forth below.

<u>**BACKGROUND**</u>

This action commenced on June 27, 2016, and the First Amended Complaint was subsequently filed on May 5, 2017. [Dkt.

nos. 1, 103.] The facts alleged in Plaintiff's First Amended Complaint are set forth fully in this Court's January 4, 2018 Order Granting in Part and Denying in Part Defendant's Motions to Dismiss Portions of Plaintiff's First Amended Complaint ("1/4/18 Order"). [Dkt. no. 198.] Counts II (aiding and abetting retaliation) and IV (intentional infliction of emotional distress ("IIED")) are also alleged against Contrades. [First Amended Complaint at ¶¶ 125-28, 134-36; 1/4/18 Order at 3 & n.2.]

The First Amended Complaint alleges that Plaintiff reported that Defendant Roy Asher, a Kauai Police Department ("KPD") Assistant Chief of Police, committed sex discrimination against Darla Abbatiello ("Abbatiello"), a KPD police officer. [First Amended Complaint at ¶¶ 37-49.] This Order only repeats those allegations pertinent to the Contrades Motion. Specifically, Plaintiff alleges that, after he reported sex discrimination: in January and February 2012, Contrades and Defendant Darryl Perry ("Perry"), Chief of Police, issued orders to exclude Plaintiff from various briefings ("the Exclusionary Orders"); on April 2, 2012, Contrades ordered an investigation against Plaintiff for padding overtime; Perry and Contrades, on May 14, 2012, scheduled KPD's Administrative Review Board ("ARB") to hear frivolous charges against Plaintiff ("the ARB Hearing Scheduling"); Contrades was a member of the ARB; Plaintiff received a letter stating the ARB hearing was postponed ("the

2

5/24/12 ARB Postponement Letter"); on June 14, 2012, Contrades sent Plaintiff a letter stating that, notwithstanding the 5/24/12 ARB Postponement Letter, the disciplinary proceedings against him were ongoing, and the ARB would notify him of a new hearing date ("the 6/14/12 ARB Letter"); during June 2013, Contrades issued twelve new disciplinary notices against Plaintiff, some of which alleged terminable offenses ("the June 2013 Disciplinary Notices"); and on December 12, 2014, Perry had Contrades order an internal investigation against Plaintiff for animal cruelty ("the Animal Cruelty Investigation").

Contrades argues that the First Amended Complaint fails to: 1) allege that Plaintiff engaged in protected activity; 2) state a plausible aiding and abetting retaliation claim; and 3) state a plausible IIED claim. Further, Contrades argues that qualified immunity bars the claims against him in his individual capacity.

## DISCUSSION

### I. Plausibility of Count II Against Contrades

For Plaintiff "to establish a prima facie case of retaliation under federal or state law, [he] must show," *inter alia*, that he "engaged in protected activity." See Jura v. Cty. of Maui, Civ. No. 11-00338 SOM/RLP, 2012 WL 5187845, at *11 (D. Hawai`i Oct. 17, 2012). "The requisite degree of proof . . . to establish a prima facie case is 'minimal.'" Id. Protected

3

activity includes "testif[ying] or assist[ing] in any proceeding respecting [prohibited] discriminatory practices," Haw. Rev. Stat. § 378-2(a)(2), such as employment discrimination because of sex, § 378-2(a)(1)(A).  In order to state a plausible aiding and abetting retaliation claim, sufficient factual allegations must be pled to allow a reasonable inference that protected activity and retaliation occurred.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citations and internal quotation marks omitted)).

   Here, Plaintiff alleges that he reported to Perry that Asher "made an inappropriate gesture and comment to . . . Abbatiello" and that Asher "was unwilling to consider her for [a promotion] due to a prior complaint she made"; and that "Perry stated that . . . Asher's behavior could get KPD sued for 'big bucks.'"  [First Amended Complaint at ¶¶ 37-38.]  Plaintiff also alleges that he verbally informed Perry that Asher created a hostile work environment, and later wrote a memorandum to summarize Abbatiello's allegations.  [Id. at ¶¶ 43, 46.]  The First Amended Complaint claims retaliation for "reporting a

female KPD officer's complaint of sex discrimination and sexual harassment."  [Id. at ¶ 118.]  For purposes of a motion to dismiss, the Court accepts as true all of Plaintiff's factual allegations, but does not accept Plaintiff's legal conclusions. See Iqbal, 556 U.S. at 678.  Taken as a whole, the First Amended Complaint alleges sufficient facts to plausibly suggest that Plaintiff engaged in protected activity by reporting sex discrimination.  The Contrades Motion is denied insofar as it argues that a description of the alleged inappropriate comment and gesture is required for Plaintiff to state a claim for aiding and abetting retaliation.[1]  To the extent the Contrades Motion argues that the merits of Plaintiff's retaliation claim depend on the merits of Abbatiello's sex discrimination claim, the argument is rejected.  See Aloha Islandair Inc. v. Tseu, 128 F.3d 1301, 1304 (9th Cir. 1997) ("On its face, the Hawaii statute prohibiting retaliation does not condition the retaliation claim

---

[1] Contrades's reliance on Jura, [Mem. in Supp. of Contrades Motion at 6-8,] is misplaced because that case evaluates evidence under the summary judgment standard.  See Jura, 2012 WL 5187845, at *11-13 (granting motion for summary judgment where evidence showed the supervisor's adverse action against the plaintiff was not because of sex, but because of jealousy and personal animosity).  By contrast, the Fed. R. Civ. P. 12(b)(6) plausibility requirement "does not . . . 'impose a probability requirement at the pleading stage.'  On the contrary, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'"  Williams v. Yamaha Motor Co., 851 F.3d 1015, 1025 (9th Cir. 2017) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955 (2007)).

5

on the merit of the underlying discrimination claim.").

Contrades also argues that, even if others retaliated against Plaintiff, the First Amended Complaint fails to allege that Contrades coordinated with others to aid or abet their retaliation. To support his position, Contrades cites, *inter alia*, Park v. Oahu Transit Services, Inc., [Mem. in Supp. of Contrades Motion at 14,] in which this district court stated: "the fact that multiple people may have treated Plaintiff poorly, or even discriminatorily, does not automatically imply that they aided and abetted each other in doing so." See CV No. 10-00445 DAE-KSC, 2011 WL 3490190, at *8 (D. Hawai`i Aug. 10, 2011). Contrades's reliance on Park is misplaced because the First Amended Complaint pleads sufficient facts to support the claim that Contrades aided or abetted the retaliation committed by others. According to Plaintiff, Contrades and Perry scheduled the ARB to hear frivolous but serious charges, Contrades was a member of the ARB, and, after the scheduled ARB hearing was postponed, Contrades issued a letter stating that the disciplinary proceedings were still ongoing and that a new hearing date would be set. [First Amended Complaint at ¶¶ 70-77.] As to intent, Plaintiff alleges Contrades previously acted with Perry to retaliate against him because of his protected activity when they issued the Exclusionary Orders. [Id. at ¶¶ 56-57.] Plaintiff's allegations plausibly explain how

Contrades's conduct assisted Perry in the alleged retaliatory scheme. The First Amended Complaint, taken as a whole, alleges that Contrades coordinated with Perry to use disciplinary committees and investigations to retaliate against Plaintiff because of his protected activity.

For the reasons stated in this Court's 1/4/18 Order, the allegations regarding the ARB Hearing Scheduling and the 6/14/12 ARB Letter allege substantial assistance to the retaliatory scheme and plausibly state a claim to relief for aiding and abetting retaliation. See 1/4/18 Order, at 14-15 (concluding that the portion of Count II based on the 5/24/12 ARB Postponement Letter plausibly stated a claim for relief against Asher). In addition, the First Amended Complaint alleges that Contrades assisted the retaliatory scheme through his involvement in the Exclusionary Orders, and disciplinary actions including the overtime padding investigation, the June 2013 Disciplinary Notices, and the Animal Cruelty Investigation.

At this juncture, Plaintiff's allegations sufficiently allege that Contrades substantially assisted the retaliatory scheme, and Count II states a plausible claim for aiding and abetting retaliation against Contrades. See id. at 14 (discussing standard for substantial assistance). The Contrades Motion is denied insofar as it seeks dismissal of Count II for failure to state a claim.

7

## II. **Plausibility of Count IV Against Contrades**

The allegations relating to Contrades, except the Animal Cruelty Investigation, cannot form the basis for an IIED claim because they are time-barred.[2] See 1/4/18 Order at 7 (incidents occurring before June 27, 2014 are untimely as the basis for IIED claim). The portion of Plaintiff's IIED claim against Contrades based on all incidents other than the Animal Cruelty Investigation must therefore be dismissed. For the reasons stated in the 1/4/18 Order, it is arguably possible for Plaintiff to cure these defects. Dismissal must therefore be without prejudice. See id. at 11 (citing See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets,

---

[2] The Contrades Motion does not discuss the timeliness of Count IV. However, district courts may sua sponte consider the issue of statute of limitations where the defendant has not waived the defense. Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993). Contrades has not waived the statute of limitations defense "because he ha[s] not yet filed a responsive pleading." See id. Moreover, the district court sua sponte raising the statute of limitations issue did "not trouble" the Ninth Circuit in Levald because the plaintiff later "had the opportunity to present argument on the [issue] before the district court and on appeal." Id. Here, Plaintiff has presented argument on a substantially similar statute of limitations issue in his memorandum in opposition to Asher's motion to dismiss, [filed 9/1/17 (dkt. no. 173)]. Moreover, the Court is permitting Plaintiff to amend the complaint.

citation and internal quotation marks omitted))).

Contrades argues that Plaintiff's IIED claim against him fails to state a plausible claim for relief. The elements of an IIED claim are: "1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another." Young v. Allstate Ins. Co., 119 Hawai`i 403, 429, 198 P.3d 666, 692 (2008). "The term 'outrageous' has been construed to mean without cause or excuse and beyond all bounds of decency." Enoka v. AIG Hawaii Ins. Co., 109 Hawai`i 537, 559, 128 P.3d 850, 872 (2006) (citation and internal quotation marks omitted)). "The question whether the actions of the alleged tortfeasor are unreasonable or outrageous is for the court in the first instance, although where reasonable people may differ on that question it should be left to the jury." Young, 119 Hawai`i at 429, 198 P.3d at 692 (citation and quotation marks omitted).

The only non-time-barred portion of Plaintiff's IIED claim against Contrades states that KPD received a report that Plaintiff was committing animal cruelty, and Perry had Contrades order an investigation. [First Amended Complaint at ¶¶ 105-107.] Reasonable minds could not differ on the issue of whether these allegations constitute conduct that is "without cause or excuse and beyond all bounds of decency." See Enoka, 109 Hawai`i at 559, 128 P.3d at 872. Even when considered in the context of the

9

time-barred incidents, opening an investigation after receiving a report of animal cruelty does not, as a matter of law, constitute sufficiently outrageous conduct to support an IIED claim. Count IV against Contrades must therefore be dismissed. However, the dismissal must be without prejudice because it is arguably possible for Plaintiff to cure the defects in his IIED claims against Contrades by amendment.

### III. **Qualified Immunity**

To the extent the Contrades Motion seeks dismissal of Counts II and IV on qualified immunity grounds, it is denied without prejudice since this Court is permitting Plaintiff to amend the complaint. Contrades may revisit this issue after Plaintiff files his second amended complaint, or after the deadline to do so has passed.

### CONCLUSION

On the basis of the foregoing, Defendant Michael Contrades's Motion to Dismiss Plaintiff's First Amended Complaint Filed May 5, 2017, filed May 23, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART. As to Count II, the Motion is DENIED. The Motion is GRANTED insofar as it seeks dismissal of Count IV, and DENIED insofar as the dismissal is WITHOUT PREJUDICE.

Plaintiff has until **February 15, 2018** to file a second amended complaint in accordance with this Order. The Court CAUTIONS Plaintiff that, if he fails to file his second amended

10

complaint by **February 15, 2018**, the claims dismissed without prejudice in this Order will be dismissed with prejudice. Plaintiff is only granted leave to address the defects in his claims identified in this Order.  To the extent Plaintiff wishes to make other changes, he must file a motion pursuant to Fed. R. Civ. P. 15(a)(2).

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, January 16, 2018.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**MARK N. BEGLEY VS. COUNTY OF KAUAI, ET AL; CIVIL 16-00350; LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**