IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK N. BEGLEY, | CIVIL 16-00350 LEK-KJM |
| Plaintiff, | |
| vs. | |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, DARRYL PERRY, ROY ASHER, MICHAEL CONTRADES AND DOE DEFENDANTS 16-100, | |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO DISMISS AND SUBSTANTIVE JOINDER**

On March 14, 2018, Defendant Michael Contrades ("Contrades"), in his individual capacity, filed his Motion to Dismiss Plaintiff's Second Amended Complaint Filed on February 15, 2018 ("Motion"). [Dkt. no. 216.] On March 21, 2018, Defendants County of Kauai ("the County"); Kauai Police Department ("KPD"); Darryl Perry ("Perry"), in his official capacity; Roy Asher ("Asher"), in his official capacity; and Contrades, in his official capacity (collectively, "County Defendants"), filed a substantive joinder in the Motion ("Substantive Joinder").[1] [Dkt. no. 226.] On April 16, 2018, Plaintiff Mark N. Begley ("Plaintiff") filed his memorandum in

---

[1] Plaintiff also brings claims against Asher and Perry, in their individual capacities (collectively with Contrades, in his individual capcity, "Individual Defendants"). Asher and Perry, in their individual capacities, have not taken a position on the Motion.

opposition.  [Dkt. no. 246.]  Contrades and the County Defendants each filed their reply on April 23, 2018.  [Dkt. nos. 274 (Contrades Reply), 276 (County Defendants Reply).]  These matters came on for hearing on May 7, 2018.  The Motion and Substantive Joinder are hereby granted in part and denied in part for the reasons set forth below.

**BACKGROUND**

This action commenced on June 27, 2016, and the First Amended Complaint was subsequently filed on May 5, 2017.  [Dkt. nos. 1, 103.]  On January 4, 2018, this Court issued its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Portions of Plaintiff's First Amended Complaint ("1/4/18 Order").  [Dkt. no. 198.[2]]  On January 16, 2018, this Court issued its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Portions of Plaintiff's First Amended Complaint ("1/16/18 Order").  [Dkt. no. 199.[3]]  In the First Amended Complaint, Plaintiff asserted four claims:

-retaliation, under Title VII of the Civil Rights Act of 1964 ("Title VII"), U.S.C. § 2000e-3(a) and Haw. Rev. Stat. Chapter 368 and § 378-2(2),[4] against the County and KPD

---

[2] The 1/4/18 Order is also available at 2018 WL 295799.

[3] The 1/16/18 Order is also available at 2018 WL 443437.

[4] Effective January 1, 2012, the prohibition against retaliation is codified at Haw. Rev. Stat. § 378-2(a)(2).  2011 Sess. Law. Ch. 206, Act 206, § 2.  Although Plaintiff cites § 378-(2)(2) (2011), Plaintiff does not contend his Count I claim
(continued...)

2

("Count I");

-aiding and abetting retaliation, under Chapter 368 and
    § 378-2(3),[5] against the Individual Defendants ("Count II");

-violation of the Hawai`i Whistleblowers' Protection Act, Haw.
    Rev. Stat. § 378-61, *et seq.*, against the County and KPD
    ("Count III"); and

-intentional infliction of emotional distress ("IIED") against
    all Defendants ("Count IV").

In the 1/4/18 Order and 1/16/18 Order, the motions to dismiss of Asher and Contrades, respectively, in their individual capacities, were denied as to Count II, and granted insofar as Count IV was dismissed as time-barred. The First Amended Complaint lacked sufficient factual allegations, accepted as true, to support Plaintiff's position that, under the discovery rule, his IIED claims accrued in 2016 when a United States Equal Employment Opportunity Commission ("EEOC") document production revealed to him the outrageous character of otherwise time-barred incidents.[6] 1/4/18 Order, 2018 WL 295799, at *4 (citing Ashcroft

---

[4](...continued)
accrued in 2011 so that § 378-(2)(2) (2011) applies.

[5] Effective January 1, 2012, the prohibition against aiding and abetting retaliation is codified at Haw. Rev. Stat. § 378-2(a)(3). 2011 Sess. Law. Ch. 206, Act 206, § 2; see also 1/4/18 Order, at *1 n.2. Although Plaintiff cites § 378-(2)(3) (2011), Plaintiff does not contend his Count II claim accrued in 2011 so that § 378-(2)(3) (2011) applies.

[6] "Outrageousness of the alleged conduct is a necessary element of IIED." 1/4/18 Order, 2018 WL 295799, at *4 n.5 (citing Young v. Allstate Ins. Co., 119 Hawai`i 403, 429, 198 P.3d 666, 692 (2008)).

3

v. Iqbal, 556 U.S. 662, 678 (2009)) (dismissing Count IV against Asher); 1/16/18 Order, 2018 WL 443437, at *4 (dismissing Count IV against Contrades "[f]or the reasons stated in the 1/4/18 Order"). The dismissal of Count IV was without prejudice because it was possible that Plaintiff could cure the timeliness defect "by alleging facts that would support his position regarding the 2016 document production." 1/4/18 Order, 2018 WL 295799, at *4 (footnote and citation omitted); see also 1/16/18 Order, 2018 WL 443437, at *4.

On February 15, 2018, Plaintiff filed his Second Amended Complaint. [Dkt. no. 201.] Plaintiff alleges the same claims as in the First Amended Complaint. [Id. at ¶¶ 120-39.] Plaintiff repeats all of the factual allegations considered in the 1/4/18 Order and 1/16/18 Order. The factual allegations set forth in the First Amended Complaint are summarized in the 1/4/18 Order and are not repeated here except as relevant to the instant Motion and Substantive Joinder. See 2018 WL 295799, at *2. In short, Plaintiff was an assistant KPD chief of police. [Second Amended Complaint at ¶ 4.] Plaintiff alleges he helped oppose sex discrimination committed by Asher against Darla Abbatiello ("Abbatiello"), who was a KPD police officer, and that as a result, Defendants discriminated against him in the workplace. Asher was also an assistant KPD chief of police; Contrades was the deputy chief of police; and Perry was the KPD chief of

police. [Id. at ¶¶ 6-8.] The only significant new factual allegations are that, on June 15, 2016, Plaintiff received a document production from the EEOC. [Id. at ¶ 36.] According to Plaintiff, the document production "revealed . . . further retaliation . . . . Prior to receiving the EEOC's investigatory files, Plaintiff was unaware of the aforementioned documents and County-wide retaliatory efforts made against him." [Id. at ¶ 37.]

In the instant Motion, Contrades seeks dismissal of Counts II and IV. The County Defendants argue that, for the reasons asserted in the Motion, they are entitled to dismissal of Counts I, II, and IV.[7]

**STANDARD**

The Ninth Circuit has described the standard applicable to a motion under Fed. R. Civ. P. 12(b)(6) as follows:

> To survive a motion to dismiss for failure to state a claim after the Supreme Court's decisions in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the [plaintiff's] factual allegations "must . . . suggest that the claim has at least a plausible chance of success." In re Century Aluminum [Co. Sec. Litig.], 729 F.3d [1104,] 1107 [(9th Cir. 2013)]. In other words, their complaint "must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[7] Plaintiff only asserts Count II against the Individual Defendants. The County Defendants explicitly seek dismissal of Count II. [Substantive Joinder at 3.]

alleged.'" Id. (quoting Iqbal, 556 U.S. at 678, 129 S. Ct. 1937).

> Following Iqbal and Twombly, . . . . we have settled on a two-step process for evaluating pleadings:
>
>> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.
>
> [Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014)] (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). In all cases, evaluating a complaint's plausibility is a "context-specific" endeavor that requires courts to "draw on . . . judicial experience and common sense." Id. at 995-96 (internal quotation marks omitted).

Levitt v. Yelp! Inc., 765 F.3d 1123, 1134-35 (9th Cir. 2014) (some alterations in Levitt).

This district court has stated, "although allegations 'upon information and belief' may state a claim after Iqbal and Twombly, a claim must still be based on factual content that makes liability plausible, and not be 'formulaic recitations of the elements of a cause of action.'" Klohs v. Wells Fargo Bank, N.A., 901 F. Supp. 2d 1253, 1260 n.2 (D. Hawai`i 2012) (quoting Long v. Yomes, 2011 WL 4412847, at *4 (D. Haw. Sept. 20, 2011)

6

(quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955) (editorial mark omitted)).

**DISCUSSION**

I. **Arguments Addressed in Previous Orders**

   A. **Description of the Asher's Inappropriate Gesture**

The 1/16/18 Order denied Contrades's motion to dismiss the First Amended Complaint, [filed 5/23/17 (dkt. no. 111) ("5/23/17 Motion"),] "insofar as it argues that a description of [Asher's] alleged inappropriate comment and gesture [to Abbatiello] is required for Plaintiff to state a claim for aiding and abetting retaliation." 2018 WL 443437, at *2 (footnote omitted). Notwithstanding this ruling, Contrades argues Count II of the Second Amended Complaint should be dismissed for failure to describe Asher's alleged inappropriate comment and gesture ("Gesture Description Argument"). Apart from changing "FAC" to "SAC," Contrades repeats verbatim four pages of argument this Court already considered before issuing the 1/16/18 Order. Compare Mem. in Supp. of 5/23/17 Motion at 4-8 with Mem. in Supp. of Motion at 3-7.

The Gesture Description Argument is rejected for the reasons stated in the 1/16/18 Order. See 2018 WL 443437, at *2 ("To the extent the Contrades Motion argues that the merits of Plaintiff's retaliation claim depend on the merits of Abbatiello's sex discrimination claim, the argument is rejected."

7

(citing Aloha Islandair Inc. v. Tseu, 128 F.3d 1301, 1304 (9th Cir. 1997) ("On its face, the Hawaii statute prohibiting retaliation does not condition the retaliation claim on the merit of the underlying discrimination claim."))). The Motion is therefore denied insofar as it seeks dismissal of Count II against Contrades, in his individual capacity, based on the Gesture Description Argument. The Substantive Joinder is denied insofar as it seeks dismissal of Count II against Contrades, Asher, and Perry, in their official capacities, and dismissal of Count I against the County and KPD, based on the Gesture Description Argument.

    B.  **Substantial Assistance**

Contrades argues Count II should be dismissed because Plaintiff's allegations amount to non-actionable "disappointment" or to "[p]etty slights, minor annoyances and simply lack of good manners," which are insufficient to state a claim for retaliation. [Mem. in Supp. of Motion at 20 (citing Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 81, 118 S. Ct. 998, 140 L. Ed. 2d. 201 (1998)).]

A similar argument in the 5/23/17 Motion was rejected in the 1/16/18 Order. In support of his position that Plaintiff's First Amended Complaint failed to plead a plausible aiding and abetting claim against him, "Contrades cite[d], *inter alia*, Park v. Oahu Transit Services, Inc., in which this district

court stated: 'the fact that multiple people may have treated Plaintiff poorly, or even discriminatorily, does not automatically imply that they aided and abetted each other in doing so.'" 1/16/18 Order, 2018 WL 443437, at *2 (some citations omitted) (quoting CV No. 10-00445 DAE-KSC, 2011 WL 3490190, at *8 (D. Hawai`i Aug. 10, 2011)). In rejecting Contrades's argument, this Court ruled "the First Amended Complaint pleads sufficient facts to support the claim that Contrades aided or abetted the retaliation committed by others" insofar as it alleges Contrades "use[d] disciplinary committees and investigations to retaliate against Plaintiff because of his protected activity." Id.

Contrades does not argue the Second Amended Complaint omits factual allegations relevant to this Court's ruling in the 1/16/18 Order. Insofar as Contrades argues Plaintiff fails to allege either that retaliation occurred or that Contrades substantially assisted the alleged retaliation, that argument is rejected for the reasons stated in the 1/16/18 Order.[8] See id.

### C. **Count II Is Cognizable Against Individual Defendants**

Contrades argues Count II should be dismissed because claims against individual defendants are not cognizable under

---

[8] "'[A] person aids and abets an unlawful discriminatory practice of another if he knows that the practice constitutes a breach of the other's duty and if he provides substantial assistance or encouragement with respect to the practice.'" 1/4/18 Order, 2018 WL 295799, at *5 (quoting Lovell v. United Airlines, Inc., No. CIV. 09-00146 ACK-LEK, 2009 WL 3172729, at *4 (D. Hawai`i Oct. 2, 2009)).

9

Title VII or § 378-2. [Mem. in Supp. of Motion at 16.] The 1/4/18 Order recognized that the prohibition on persons aiding or abetting discrimination contained in the former § 378-2(3) (2011), cited in the First Amended Complaint as the basis for Count II, is "substantively identical" to that contained in the current, renumbered § 378-2(a)(3). 2018 WL 295799, at *1 n.2. In the Second Amended Complaint, Plaintiff's Count II claim continues to allege aiding and abetting retaliation in violation of § 378-2. The plain text of § 378-2(a)(3) shows that claims against individual defendants are cognizable. See § 378-2(a)(3) (prohibiting "**any person, whether an employer, employee, or not, to aid . . .** " certain discriminatory practices (emphasis added)). Moreover, Plaintiff's Count II claim is only brought under state law, and is not brought pursuant to Title VII. [Second Amended Complaint at ¶¶ 128-31.]

    **D.   Whether the Otherwise Time-Barred Portion of Count IV Is Saved by the Discovery Rule**

The 1/16/18 Order ruled that: incidents occurring before June 27, 2014, are outside the two-year statute of limitations applicable to IIED claims; the portions of Count IV based those incidents were time-barred; Plaintiff failed to show the discovery rule saved the otherwise time-barred portions Count IV; and the portions of Count IV that were based on incidents within the two-year statute of limitations failed to

10

state a plausible IIED claim.  1/16/18 Order, 2018 WL 443437, at *3.

The discovery rule applies to IIED claims.  1/4/18 Order, 2018 WL 295799, at *2 (citing <u>DeRosa v. Ass'n of Apartment Owners of the Golf Villas</u>, 185 F. Supp. 3d 1247, 1260 (D. Hawai`i 2016)).  The Hawai`i Supreme Court has stated:  "Under [Haw. Rev. Stat.] § 657-7, a tort claim accrues when the plaintiff discovers, or through the use of reasonable diligence should have discovered, the negligent act, the damage, and the causal connection between the two."  <u>Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc.</u>, 115 Hawai`i 232, 277, 167 P.3d 225, 270 (2007).  Moreover, a plaintiff "'must exercise reasonable diligence in pursuing a claim.  If a plaintiff fails to exercise such diligence in a timely manner, the cause of action should be barred by the statute of limitations.'"  <u>Hays v. City & Cty. of Honolulu</u>, 81 Hawai`i 391, 398, 917 P.2d 718, 725 (1996) (quoting <u>In re Hawaii Federal Asbestos Cases</u>, 854 F. Supp. 702, 708 (D. Hawai`i 1994)).

The County Defendants argue Count IV must be dismissed because Plaintiff fails to allege he "suffered extreme emotional distress as a result of obtaining any of the documents from the EEOC that allegedly serve as the basis for his IIED claim." [Substantive Joinder at 9.]  This argument is puzzling. Plaintiff has not alleged Defendants intentionally inflicted

emotional distress on him by using the EEOC to expose him to distressing documents. The Motion and Substantive Joinder are denied to the extent they are based on the argument that, to invoke the discovery rule, Plaintiff must allege the document production caused him extreme emotional distress.

The Second Amended Complaint fails to allege facts sufficient to support Plaintiff's argument that his IIED claims accrued, under the discovery rule, following the EEOC document production. As compared to the First Amended Complaint, the Second Amended Complaint alleges an additional conclusion, *i.e.*, that the EEOC document production revealed information showing an County-wide retaliatory scheme. <u>See</u> Second Amended Complaint at ¶ 37. This Court is not bound to accept Plaintiff's conclusions that the document production revealed to him the outrageous character of incidents he was was previously aware of but had not realized were outrageous. <u>See</u> <u>Twombly</u>, 550 U.S. at 555 (A court is "not bound to accept as true a legal conclusion couched as a factual allegation."). Because Plaintiff fails to show any exception to the two-year statute of limitations applies, incidents occurring before June 27, 2014, are time-barred. The portions of Count IV based on time-barred incidents are therefore dismissed.

In the Second Amended Complaint, Plaintiff does not allege any additional incidents which are not time-barred (*i.e.*

occurred within the two-year statute of limitations) involving Asher or Contrades.  For the reasons set forth in this Court's prior Orders, Plaintiff's factual allegations that are not time-barred are insufficient to state a plausible IIED claim against Contrades, in his individual capacity; or against Asher and Contrades, in their official capacities.  See 1/4/18 Order, 2018 WL 295799, at *4 (Asher); 1/16/18 Order, 2018 WL 443437, at *4 (Contrades).  Plaintiff's claims against Asher and Contrades in Count IV based on incidents which occurred within the two-year statute of limitations are dismissed.

As to Perry, Plaintiff's only allegation that is not time-barred is that, on February 2, 2016, Perry sent, and later rescinded, a letter "indicating that the County and KPD would begin the process of terminating Plaintiff's employment." [Second Amended Complaint at ¶ 118.]  This allegation is insufficient to state a claim for IIED against Perry, in his official capacity.  See Medeiros v. Akahi Services, Inc., CIVIL 17-00307 LEK-KSC, 2018 WL 2449189, at *5 (D. Hawai`i May 31, 2018) ("IIED claims based on allegations of employment discrimination — but not sexual harassment or sexual assault — are barred by Haw. Rev. Stat. § 386-5").  Plaintiff's Count IV claim against Perry, in his official capacity, based on incidents which occurred within the two-year statute of limitations is dismissed.

Plaintiff does not argue that any incidents alleged to have occurred after June 27, 2014 support an IIED claim against either Contrades or the County Defendants. Therefore, as to Contrades and the County Defendants, Count IV fails to state a plausible claim to relief and must be dismissed. See 1/4/18 Order, 2018 WL 295799, at *4 (citing Iqbal, 556 U.S. at 678).

Even considering the potential costs which may be incurred by Defendants, the dismissal of Count IV must be without prejudice because of the preference for resolution on the merits and the possibility that Plaintiff can cure the defects in his IIED claim by amendment. See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation and internal quotation marks omitted))).

If Plaintiff intends to pursue his IIED claims, he must plausibly state why his claims against each defendant are not time-barred. This Court emphasizes that it is not bound to accept as true Plaintiff's legal conclusions. See Iqbal, 556 U.S. at 678. If Plaintiff's IIED claims fail to allege sufficient facts, taken as true, to "allow[] the court to draw the reasonable inference that [each] defendant is liable," those claims will again fail to survive a motion to dismiss. See id.

14

## II. Qualified Immunity

Contrades, in his individual capacity, and Asher and Contrades, in their official capacities, assert qualified immunity and argue Counts II and IV should be dismissed. The Substantive Joinder is denied as to Count II because Plaintiff alleges Count II only against the Individual Defendants and does not allege Count II against Asher and Contrades, in their official capacities.

Count IV only allege state law claims. This Court has stated:

> Hawaii law provides that a nonjudicial government official has a qualified or conditional privilege with respect to his or her tortious actions taken in the performance of his or her public duty. Towse v. State of Hawaii, 647 P.2d 696, 702 (Haw. 1982); Runnels v. Okamoto, 525 P.2d 1125, 1128 (Haw. 1974). This privilege shields all but the most guilty nonjudicial officials from liability, but not from the imposition of a suit itself. Towse, 647 P.2d at 702. The privilege is the result of the Hawaii Supreme Court's balancing of competing interests. It protects the innocent public servant's pocketbook, yet it allows an injured party to be heard. See Medeiros v. Kondo, 522 P.2d 1269, 1272 (Haw. 1974).
>
> For a tort action to lie against a nonjudicial government official, the injured party must allege and demonstrate by clear and convincing proof that the official was motivated by malice and not by an otherwise proper purpose. Towse, 647 P.2d at 702-03; Medeiros, 522 P.2d at 1272. When a public official is motivated by malice, and not by an otherwise proper purpose, Hawaii law provides that the cloak of immunity is lost and the official must defend the suit the same as any other defendant. Marshall v.

>           Univ. of Haw., 821 P.2d 937, 946 (Haw. Ct.
>           App. 1991), *abrogated on other grounds by* Hac
>           v. Univ. of Haw., 73 P.3d 46 (Haw. 2003).
>
>           The existence or absence of malice is
>           generally a question for the jury. Runnels,
>           525 P.2d at 1129. However, when the
>           existence or absence of malice is
>           demonstrated to the court via uncontroverted
>           affidavits or depositions, the court may rule
>           on the existence or absence of malice as a
>           matter of law. See id.
>
>      Edenfield v. Estate of Willets, Civ. No. 05-00418
>      SOM-BMK, 2006 WL 1041724, at *11-12 (D. Haw.
>      Apr. 14, 2006) (parallel citations omitted).
>
>           The Supreme Court of Hawai`i has held that
>      "the phrase 'malicious or improper purpose' should
>      be defined in its ordinary and usual sense."
>      Awakuni v. Awana, 165 P.3d 1027, 1042 (Haw. 2007).
>      In Awakuni, the Supreme Court relied on *Black's
>      Law Dictionary*, which defines "malicious" as
>      "'[s]ubstantially certain to cause injury' and
>      '[w]ithout just cause or excuse'"; and defines
>      "malice" as "'[t]he intent, without justification
>      or excuse, to commit a wrongful act[,]' 'reckless
>      disregard of the law or of a person's legal
>      rights[,]' and '[i]ll will; wickedness of heart.'"
>      Id. (quoting *Black's Law Dictionary* 976-77 (8th
>      ed. 2004)).

Kosegarten v. Dep't of the Prosecuting Att'y, 892 F. Supp. 2d

1245, 1264 (D. Hawai`i 2012) (alterations in Kosegarten)

(citation omitted). Except in claims for defamation, "an actual

malice standard applies as to all tort claims." Id. at 1264-65.

"The applicable standard is whether Plaintiffs have met their

burden of proving [the defendants] were motivated by malice and

not by an otherwise proper purpose." Id. at 1265 (internal

citation and quotation marks omitted). However, a plaintiff is

not required to "plead the word 'malice' in the complaint.  Under the dismissal standard, all that is required is that the plaintiff plead sufficient factual matter, accepted as true, to state a plausible argument that the defendant acted with malice." Id.  With this framework in mind, the Court addresses each defendant.

**A.** **Asher**

The County Defendants argue Asher, in his official capacity, is entitled to qualified immunity for claims arising from a May 24, 2012 letter Asher sent to Plaintiff, which stated Plaintiff's hearing before the Administrative Review Board ("ARB") was postponed ("5/24/12 ARB Postponement Letter"). Specifically, the County Defendants argue Plaintiff fails to allege facts showing the 5/24/12 ARB Postponement Letter "was sent with a malicious intent or with a reckless disregard for Plaintiff's constitutional rights.  To the contrary, the letter was sent to notify Plaintiff of his constitutional right to appear at a disciplinary hearing that had been postponed." [Substantive Joinder at 8.]  The County Defendants make no attempt to reconcile this assertion with the 1/4/18 Order, in which this Court concluded Plaintiff's First Amended Complaint plausibly alleged Asher's sending of "the 5/24/12 ARB Postponement Letter was part of an ongoing retaliatory scheme using disciplinary hearings and investigations to retaliate

17

against Plaintiff because of his protected activity." 2018 WL 295799, at *5. Plaintiff's allegations are sufficient "to state a plausible argument that [Asher] acted with malice"; and therefore, Asher, in his official capacity, is not entitled to qualified immunity based on the pleadings. See Kosegarten, 892 F. Supp. 2d at 1265. The Substantive Joinder is denied to the extent it seeks dismissal of Count IV against Asher, in his official capacity, on qualified immunity grounds.

**B.   Contrades**

The 1/16/18 Order ruled "Plaintiff's allegations sufficiently allege that Contrades substantially assisted the retaliatory scheme" against Plaintiff through his involvement in various internal investigations and disciplinary proceedings against Plaintiff. 2018 WL 443437, at *3. In the Second Amended Complaint, Plaintiff alleges Contrades performed administrative functions consistent with the ordinary performance of his official responsibilities, such as ordering investigations against Plaintiff after receiving various tips alleging Plaintiff committed wrongful acts. See, e.g., Second Amended Complaint at ¶ 110 (after a report was made that Plaintiff committed animal cruelty, "Chief Perry via Deputy Chief Contrades issued a memo to Sergeant Miller requesting that [Miller] initiate an internal investigation"). Plaintiff's factual allegations against Contrades are insufficient "to state a plausible argument that

18

[Contrades] acted with malice." See Kosegarten, 892 F. Supp. 2d at 1265. Contrades is therefore entitled to qualified immunity on the pleadings. The Motion and Substantive Joinder are therefore granted and Plaintiff's claims against Contrades, individually and in his official capacity, are dismissed.

At the hearing on the Motion, Plaintiff conceded he had failed to plead malice sufficiently to defeat Contrades's entitlement to qualified immunity, but contended additional facts could be pled sufficiently to state that Contrades acted with malice. It is at least arguably possible that Plaintiff can file a third amended complaint curing his failure to sufficiently allege malice, and therefore the dismissal on qualified immunity grounds must be without prejudice.

## CONCLUSION

On the basis of the foregoing, Contrades's Motion to Dismiss Plaintiff's Second Amended Complaint Filed on February 15, 2018, filed March 14, 2018, and the County Defendants' Substantive Joinder, filed March 21, 2018, are HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as Counts II and IV against Contrades, in his individual capacity, are DISMISSED, and DENIED insofar as the dismissal is WITHOUT PREJUDICE. The Substantive Joinder is GRANTED insofar as Count IV against the County Defendants is DISMISSED, and DENIED insofar

19

as the dismissal is WITHOUT PREJUDICE.  The Substantive Joinder is DENIED in all other respects.

Plaintiff has until **August 31, 2018** to file a third amended complaint in accordance with this Order.  The Court CAUTIONS Plaintiff that, if he fails to file his third amended complaint by **August 31, 2018,** the claims dismissed without prejudice in this Order will be dismissed with prejudice.  Plaintiff is only granted leave to address the defects in his claims identified in this Order.  To the extent Plaintiff wishes to make other changes, he must file a motion pursuant to Fed. R. Civ. P. 15(a)(2).

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 31, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARK N. BEGLEY VS. COUNTY OF KAUAI, ET AL; CIVIL 16-00350 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND SUBSTANTIVE JOINDER**