LORETTA A. SHEEHAN    4160-0
CLARE E. CONNORS    7936-0
THOMAS M. OTAKE    7622-0
DAVIS LEVIN LIVINGSTON
851 Fort Street, Suite 400
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-7500
Facsimile: (808) 356-0418
Email: lsheehan@davislevin.com

LYLE S. HOSODA    3964-0
ADDISON D. BONNER    9163-0
HOSODA & BONNER, LLLC
Three Waterfront Plaza, Suite 499
500 Ala Moana Boulevard
Honolulu, Hawaiʻi 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
Email: lsh@hosodalaw.com

Attorneys for Plaintiff
MARK N. BEGLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MARK N. BEGLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT; DARRYL PERRY; ROY ASHER; MICHAEL CONTRADES; AND DOE DEFENDANTS 16-100,<br><br>    Defendants. | Civil No. 16-00350 LEK-RLP<br><br>**PLAINTIFF'S CONCISE COUNTERSTATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MEMORANDUM IN OPPOSITION TO [312] DEFENDANT ROY ASHER'S, IN HIS INDIVIDUAL CAPACITY, MOTION FOR SUMMARY**<br><br>[*continued on following page*] |

|  |
|---|
| JUDGMENT; AFFIDAVIT OF MARK N. BEGLEY; DECLARATION OF LYLE S. HOSODA; EXHIBITS 1-51; CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5; CERTIFICATE OF SERVICE<br><br>[Re: ECF No. 387]<br><br>DATE:  November 19, 2018<br>TIME:  9:45 a.m.<br>JUDGE:  Hon. Leslie E. Kobayashi<br><br>TRIAL:  May 6, 2019 |

**PLAINTIFF'S CONCISE COUNTERSTATEMENT
OF MATERIAL FACTS IN SUPPORT OF HIS MEMORANDUM
IN OPPOSITION TO [312] DEFENDANT ROY ASHER'S, IN HIS
INDIVIDUAL CAPACITY, MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawai'i, Plaintiff MARK N. BEGLEY ("Plaintiff" or "Pl."), by and through his attorneys Davin Levin Livingston and Hosoda & Bonner, LLLC, hereby submits his Concise Counterstatement of Material Facts in Support of His Memorandum in Opposition to [312] Defendant Roy Asher's, In His Individual Capacity, Motion for Summary Judgment ("Memorandum"), which Memorandum is being filed concurrently herewith.

Plaintiff responds as follows to Defendant Roy Asher's ("Asher") Concise Statement of Facts:

|     | FACT | EVIDENCE |
| --- | --- | --- |
| 1.  | ADMITTED | |
| 2.  | ADMITTED | |
| 3.  | DISPUTED | Ex 9 of Ex 30 |
| 4.  | DISPUTED | Ex 9 of Ex 30 |
| 5.  | DISPUTED – 08/24/11 Pl. emailed KPD informing of Asher's false order. | Ex 9 of Ex 30; Ex 18 |
| 6.  | ADMITTED | |
| 7.  | DISPUTED – Pl. did not reveal identity of the Dispatcher | Ex 36-37 |
| 8.  | DISPUTED – Pl. did not reveal identity of the Dispatcher | Ex 36-37 |
| 9.  | DISPUTED – quote attributed to the Dispatcher does not appear in her statement | Ex 36 |
| 10. | DISPUTED – Asher instructed the Dispatcher to tell the Chief | Ex 36 |
| 11. | DISPUTED – quote attributed to the Dispatcher does not appear in her statement | Ex 36 |
| 12. | DISPUTED | Ex 37 |
| 13. | DISPUTED – Perry knew of this prior to 5/7/12 | Ex 33 |
| 14. | ADMITTED | |
| 15. | ADMITTED | |
| 16. | ADMITTED | |
| 17. | ADMITTED | |
| 18. | ADMITTED | |
| 19. | ADMITTED | |
| 20. | DISPUTED – Asher sits on ARB Board which determines the outcome of internal investigations | Ex. 1 of Ex. 31 |
| 21. | ADMITTED | |
| 22. | DISPUTED – Asher told Dispatcher to talk to Perry | Ex. 36 |
| 23. | DISPUTED | Ex. 9 of Ex. 30; Ex. 16 at P00051-52; Ex. 18 at COK1308-09; Ex. 19; Ex. 27; Ex. 15 of Ex. 23; Plaintiff's Affidavit ("PAff") ¶¶ 11-12; Ex. 32 at 152:23-154:17 |

| | FACT | EVIDENCE |
|---|---|---|
| 24. | ADMITTED | |
| 25. | ADMITTED | |
| 26. | ADMITTED | |
| 27. | ADMITTED | |
| 28. | ADMITTED | |
| 29. | DISPUTED | Ex. 14 of Ex. 29 |
| 30. | ADMITTED | |
| 31. | ADMITTED | |
| 32. | DISPUTED | Ex. 9 of Ex. 30; Ex. 16 at P00051-52; Ex. 18 at COK1308-09; Ex. 19; Ex. 27; Ex. 15 of Ex. 23; PAff ¶¶ 11-12; Ex. 32 at 152:23-154:17 |
| 33. | DISPUTED | Ex. 9 of Ex. 30; Ex. 16 at P00051-52; Ex. 18 at COK1308-09; Ex. 19; Ex. 27; Ex. 15 of Ex. 23; PAff ¶¶ 11-12; Ex. 32 at 152:23-154:17 |
| 34. | DISPUTED | Ex. 9 of Ex. 30; Ex. 16 at P00051-52; Ex. 18 at COK1308-09; Ex. 19; Ex. 27; Ex. 15 of Ex. 23; PAff ¶¶ 11-12; Ex. 32 at 152:23-154:17 |
| 35. | ADMITTED | |
| 36. | ADMITTED | |
| 37. | ADMITTED | |
| 38. | ADMITTED | |

| | **ADDITIONAL MATERIAL FACTS ("AMF")** | **EVIDENCE** |
|---|---|---|
| 1. | In January 2011, Pl. confronted Asher for misconduct | PAff ¶ 11; Ex. 9 of Ex. 30 |
| 2. | 01/24/11 Pl. reports Asher misconduct to Perry | PAff ¶ 12; Ex. 17, Ex. 16 |

|     | **ADDITIONAL MATERIAL FACTS ("AMF")** | **EVIDENCE** |
| --- | --- | --- |
| 3.  | 08/03/11 Pl. reports Asher's retaliation re: Pl. ordering no contact with Abbatiello | Ex. 16 at 52; Ex. 12 to 23 |
| 4.  | 08/24/11 Pl. rebuts Asher's false rumor | Ex. 9 of Ex. 30 |
| 5.  | 08/25/11 Pl. 2nd report of Asher to Perry | Ex. 16 at P00051 |
| 6.  | 10/10/11 Perry acknowledged need to hire independent investigator and his delay in investigating | Ex. 19 |
| 7.  | 10/18/11 Abbatiello submits 3 complaints against Asher | Ex. 25 |
| 8.  | 11/09/11 Perry tries for 2nd time to dissuade Abbatiello from pursuing complaint against Asher | Ex. 26 |
| 9.  | 11/30/11 Pl. signs Small Purchase form for procuring independent investigator and subsequently signs for investigator invoices | Ex. 20, 21 |
| 10. | 12/29/11 Pl. reported Asher and Perry to County Attorney | Ex. 22 |
| 11. | 01/25/12, Asher named in Abbatiello Complaint sent to Mayor's Office | Ex. 27 |
| 12. | 01/26/12, Asher informed in Senior Staff meeting that Abbatiello Complaint sent to Mayor | Ex. 5 of Ex. 29 |
| 13. | 01/30/12, Asher informed that he is on leave due to Abbatiello Complaint investigation | Ex. 50 |
| 14. | 01/30/12 Perry requests to go on administrative leave with pay but is not allowed by Mayor | Ex. 9 of Ex. 23; Ex. 23 at 94:15-19; Ex. 50 |
| 15. | 2/1/12 Asher informed that Perry on leave and intends to exclude Pl. from KPD Chain of command | Ex. 28 |
| 16. | 05/07/12: Perry threatens Officer Hsu into making a statement re KPD-IA-12-06 | Ex. 33 |
| 17. | 05/18/12 Perry orders Asher to write report re Pl. alleged disclosure of Dispatcher confidential information (KPD-IA-12-06) | Ex. 34 |
| 18. | 05/22/12 Asher memorandum re: KPD-IA-12-06 | Ex. 35 |

| | **ADDITIONAL MATERIAL FACTS ("AMF")** | **EVIDENCE** |
|---|---|---|
| 19. | 06/15/12 Kristen Long gives interview to Elliot Ke | Ex. 36 |
| 20. | 06/18/12 Hanson Hsu gives interview to Elliot Ke | Ex. 37 |
| 21. | 09/12/12 Perry declares Withy Report to be "deficient" | Ex. 39 |
| 22. | 09/27/12 - 09/30/12, Asher participates in scheme to withhold Pl. computer from County Attorney via use of false claim of criminal investigation | Ex. 41-42; Ex. 40 at 119:5-120:1 |
| 23. | 01/09/13 Asher agrees with Perry plan to interfere with Pl. EEOC complaints | Ex. 11 of Ex. 30 |
| 24. | 10/03/13 Asher's Investigative Services Branch (ISB) detectives surveil Pl. and Asher reports surveillance information to Perry. | Ex. 44 |
| 25. | 10/08/13 Perry reports Pl. to DLNR "for possible criminal violations" and misrepresents his source as an "anonymous complaint" | Ex. 45 |
| 26. | 10/08/13 Perry reports to Governor's Office that he received anonymous complaint re Pl., which was false, and doesn't mention reporting it to DLNR | Ex. 46 |
| 27. | Sometime before 07/17/13, Asher reads the Withy Report and Pl. memo requesting outside investigator, blames Pl. for investigation | Ex. 43; Ex. 39 |
| 28. | Perry authorizes, initiates, reviews the results of, and decides ARB matters; ARB consists of the three Assistant Chiefs of each bureau, and the Deputy Chief of Police; prior to February 6, 2012, no other Assistant Chief's had ever been subjected to ARB proceedings. | Ex. 23 at 15:17-24; Ex. 1 of Ex. 23; Ex. 1 of Ex. 31; Ex. 30 at 46:5-10, 252:7-253:4; Ex. 29 at 43:6-12, 46:20-47:10, 54:4-16, 72:8-17 |
| 29. | 01/29/16-07/31/18 Perry declines to pursue Asher "for possible criminal violations" related to allegations of sexual assault. | Ex. 23 at 65:13-66:1; 69:6-22, 123:9-125:25 |
| 30. | In 2016 and 2018 Perry exercises his discretion to close investigation of sexual assault by Asher. | Ex. 23, Ex. 47-48 |

6

| | **ADDITIONAL MATERIAL FACTS ("AMF")** | **EVIDENCE** |
|---|---|---|
| 31. | Defendants Perry, Contrades and Asher have expressed animus toward Pl. | Ex. 14 of Ex. 30, Ex. 37 of Ex. 29, Ex. 5 of Ex. 29, Ex. 11 of Ex. 30, Ex 13 of Ex 23 |
| 32. | Defendants Perry, Contrades, and Asher contributed to investigations of Pl. which would dissuade a reasonable worker | Ex. 29 at 232:1-234:4, Ex. 29 at 39:8-43:13; Ex. 29 at 51:8-52:12; Ex. 11 of Ex. 29; Ex. 29, 30 of Ex. 29; Ex. 29 48:7-12; 49:10-21 |
| 33. | 12 internal investigations opened against Pl. | Ex. 12 of 29; Ex. 29 at 139:22-140:9 |
| 34. | Pl. suffers from severe emotional distress symptoms due to retaliation conducted by Defendants Perry, Contrades, Asher | Ex. 49 |

DATED:   Honolulu, Hawai'i, October 29, 2018.

       /s/ Clare E. Connors
      LORETTA A. SHEEHAN
      CLARE E. CONNORS
      THOMAS M. OTAKE
      LYLE S. HOSODA
      ADDISON D. BONNER

      Attorneys for Plaintiff
      MARK N. BEGLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MARK N. BEGLEY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT; DARRYL PERRY; ROY ASHER; MICHAEL CONTRADES; AND DOE DEFENDANTS 16-100,<br><br>　　　　　Defendants. | Civil No. CV16-00350 LEK-RLP<br><br>**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5** |

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.5**

　　I hereby certify pursuant to Rule 7.5 of the Local Rules of Practice for the United States District Court for the District of Hawaii that **PLAINTIFF'S CONCISE COUNTERSTATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MEMORANDUM IN OPPOSITION TO [312] DEFENDANT ROY ASHER'S, IN HIS INDIVIDUAL CAPACITY, MOTION FOR SUMMARY JUDGMENT**, contains 1,129 words according to Microsoft Word's word count program.

　　DATED:　Honolulu, Hawaiʻi, October 29, 2018.

　　　　　　　　　　　　　　　　　　/s/ CLARE E. CONNORS
　　　　　　　　　　　　　　　　　　LORETTA A. SHEEHAN
　　　　　　　　　　　　　　　　　　CLARE E. CONNORS
　　　　　　　　　　　　　　　　　　THOMAS M. OTAKE
　　　　　　　　　　　　　　　　　　LYLE S. HOSODA
　　　　　　　　　　　　　　　　　　ADDISON D. BONNER

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff