IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK N. BEGLEY, | ) | CIVIL 16-00350 LEK-KJM |
| Plaintiff, | ) | |
| vs. | ) | |
| COUNTY OF KAUAI, KAUAI POLICE DEPARTMENT, DARRYL PERRY, ROY ASHER, MICHAEL CONTRADES AND DOE DEFENDANTS 16-100, | ) | |
| Defendants. | ) | |

**ORDER: DENYING DEFENDANT MICHAEL CONTRADES'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FILED HEREIN ON AUGUST 31, 2018; DENYING THE COUNTY DEFENDANTS' JOINDER OF SIMPLE AGREEMENT; AND GRANTING DEFENDANT ROY ASHER'S SUBSTANTIVE JOINDER**

On September 14, 2018, Defendant Michael Contrades ("Contrades"), in his individual capacity, filed his Motion to Dismiss Plaintiff's Third Amended Complaint Filed Herein on August 31, 2018 ("Contrades Motion"). [Dkt. no. 360.] On September 20, 2018, Defendants County of Kauai ("the County"); Kauai Police Department ("KPD"); Darryl Perry ("Perry"), in his official capacity; Roy Asher ("Asher"), in his official capacity; and Contrades, in his official capacity (collectively, "County Defendants") filed a joinder of simple agreement ("County Joinder"). [Dkt. no. 365.] On September 21, 2018, Asher, in his individual capacity, filed a substantive joinder ("Asher Joinder"). [Dkt. no. 368.] On October 15, 2018, Plaintiff Mark N. Begley ("Plaintiff") filed a memorandum in opposition to

the Contrades Motion and a memorandum in opposition to the Asher Joinder. [Dkt. nos. 377, 378.] On October 22, 2018, Asher filed a reply in support of his joinder, and Contrades filed a reply in support of his motion. [Dkt. nos. 379, 382.] These matters came on for hearing on November 5, 2018. On November 6, 2018, this Court issued an entering order informing the parties of its rulings on the Contrades Motion and the Asher Joinder. [Dkt. no. 411.] The instant Order supersedes that entering order. For the reasons set forth below, the Court rules as follows: the Contrades Motion is denied in its entirety; the County Joinder is denied because it merely agreed with the Contrades Motion; and the Asher Motion is granted.

## BACKGROUND

The relevant factual allegations and procedural background of this case are set forth in this Court's: 1) January 4, 2018 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Portions of Plaintiff's First Amended Complaint ("1/4/18 Order"); 2) January 16, 2018 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Portions of Plaintiff's First Amended Complaint ("1/16/18 Order"); and July 31, 2018 Order Granting in Part and Denying in Part Motion to Dismiss and Substantive Joinder ("7/31/18 Order").

[Dkt. nos. 198, 199, 340.[1]]  They will not be repeated here
except where relevant to the Contrades Motion and the Asher
Joinder.

Plaintiff filed his original Complaint on June 27,
2016, his First Amended Complaint on May 5, 2017, and his Second
Amended Complaint on February 15, 2018.  [Dkt. nos. 1, 103, 201.]
The Second Amended Complaint alleged the following claims:

- retaliation, under Title VII of the Civil Rights Act of 1964
  ("Title VII"), U.S.C. § 2000e-3(a) and Haw. Rev. Stat.
  Chapter 368 and § 378-2(2), against the County and KPD
  ("Count I");

- aiding and abetting, inciting, compelling, or coercing
  retaliation, under Chapter 368 and § 378-2(3),[2] against
  Perry, Asher, and Contrades, in their individual capacities
  ("the Individual Defendants" and "Count II");[3]

- violation of the Hawai`i Whistleblowers' Protection Act,
  Haw. Rev. Stat. § 378-61, *et seq.*, against the County and
  KPD ("Count III"); and

---

[1] The 1/4/18 Order is also available at 2018 WL 295799, the 1/16/18 Order is available at 2018 WL 443437, and the 7/31/18 Order is available at 2018 WL 3638083.

[2] Effective January 1, 2012, the prohibition against aiding and abetting retaliation is codified at Haw. Rev. Stat. § 378-2(a)(3), and the prohibition against retaliation is codified at § 378-2(a)(2).  2011 Haw. Sess. Laws Act 206, § 2 at 676, § 5 at 678; see also 1/4/18 Order, at *1 n.2.  Although the Second Amended Complaint cites § 378-2(2) and (3) (2011), it did not contend Plaintiff's Count II claim accrued in 2011 so that § 378-2 (2011) applies.

[3] For ease of reference, although there are multiple ways to establish liability under § 378-2(a)(3), a claim under § 378-2(a)(3) will be referred to as an "aiding and abetting claim."

3

- intentional infliction of emotional distress ("IIED") against all Defendants ("Count IV").

In the 7/31/18 Order, this Court dismissed Counts II and IV against Contrades, in his individual capacity, and dismissed Count IV against the County Defendants. The dismissals were without prejudice, and Plaintiff was given until August 31, 2018 to file a third amended complaint. 7/31/18 Order, 2018 WL 3638083, at *7.

Plaintiff filed his Third Amended Complaint on August 31, 2018.[4] [Dkt. no. 349.] The Third Amended Complaint alleges the same four claims, against the same groupings of Defendants, as the Second Amended Complaint. Compare Second Amended Complaint at pgs. 30-34 with Third Amended Complaint at pgs. 47-51. The allegations of the Third Amended Complaint's claims themselves are substantively identical to the allegations of the Second Amended Complaint's claims, although the Third Amended Complaint now relies on the current version of § 378-2(a)(3) instead of § 378-2(3) (2011). [Third Amended Complaint at ¶ 134.]

---

[4] On September 12, 2018, Plaintiff filed an errata to the Third Amended Complaint ("Errata"). [Dkt. no. 357.] On September 18, 2018, the County Defendants filed a motion to strike the Errata, and Contrades, Perry, and Asher, each in his individual capacity, later filed joinders in the motion. [Dkt. nos. 361, 363, 364, 366.] On October 26, 2018, the magistrate judge granted the motion to strike. [Dkt. no. 385.]

4

In the "JURISDICTION AND VENUE" section, Plaintiff added the following allegations:

> 4. The applicable statute of limitations is tolled for the claims alleged herein by virtue of Plaintiff's discovery, on September 19, 2016 and October 14, 2016, of documents received in response to Plaintiff's discovery requests ("the **9/19/16 Production**" and "the **10/14/16 Production**," respectively). These documents establish a pattern of cooperation, aid and assistance among Defendants Darryl Perry, Michael Contrades and Roy Asher in furtherance of a deliberate plan to assail Plaintiff with retaliatory orders as well as a barrage of internal and external investigations based on unsubstantiated, false and frivolous accusations for the express and intended purpose of unlawfully targeting and retaliating against Plaintiff for his actions, beginning in January 2011, related to the complaint made by KPD Officer Darla Abbatiello ("the Abbatiello Complaint") against Defendant Roy Asher. . . . .
>
> 5. The applicable statute of limitations is also tolled for the claims alleged herein by virtue of Plaintiff's discovery, on November 26, 2016, of correspondence disclosed by the County from the email account of Defendant Michael Contrades. These emails ("the **11/26/16 Contrades Emails**") contain evidence not previously known to Plaintiff establishing malice and animus on the part of Defendants Darryl Perry, Michael Contrades and Roy Asher towards Plaintiff. As more fully alleged herein, the 11/26/16 Contrades Emails establish a pattern of cooperation, aid and assistance among Defendants in furtherance of a deliberate plan to assail Plaintiff with retaliatory orders as well as a barrage of internal and external investigations based on unsubstantiated, false and frivolous accusations for the express, intended and improper purpose of retaliating against Plaintiff for his actions related to the Abbatiello Complaint. . . .
>
> 6. Defendants deliberately, and with clear malice towards Plaintiff, pursued this continuous course of tortious conduct through the execution

5

> of specific acts, some of which are identified
> below, and which acts caused the harms to
> Plaintiff alleged herein. For these reasons, and
> those more fully set forth below, the accrual date
> of Plaintiff's claims is 11/26/2016.

[Id. at pgs. 2-4 (emphases added).]

Many of the factual allegations of the Third Amended Complaint are substantively identical to those of the Second Amended Complaint. Compare Third Amended Complaint at ¶¶ 7-121 with Second Amended Complaint at ¶¶ 4-119. In addition:

- Plaintiff added paragraph 122, which alleges the 11/26/16 Contrades Emails revealed facts that were previously unknown to Plaintiff. The vast majority of paragraphs 122.a to 122.www each describes either an email by or to Perry, Contrades or Asher. [Id. at pgs. 32-45.] Some of the paragraphs provide contextual factual allegations. See, e.g., id. at ¶ 122.sss.

- Plaintiff added paragraph 123, which alleges the 9/19/16 Production revealed facts that were previously unknown to him. Paragraphs 123.a to 123.f each describes a letter or memorandum by or to Perry, Contrades or Asher. [Id. at pgs. 45-47.]

- Plaintiff added paragraph 124, which alleges the 10/14/16 Production also revealed facts that were previously unknown to him. Paragraph 124.a descries a letter written by Perry to the executive director of the E911 Board. [Id. at pg. 47.]

The Contrades Motion argues Plaintiff's aiding and abetting claim against Contrades should be dismissed because it is not supported by a viable claim that Plaintiff was retaliated against for his support of the Abbatiello Complaint and a viable underlying claim that Abbatiello was subjected to discrimination. Contrades also argues that: individuals are not liable under

6

either Title VII or § 378-2; he is entitled to qualified immunity/conditional privilege as to both Plaintiff's aiding and abetting claim and IIED claim; and the Third Amended Complaint fails to address the defects in Plaintiff's IIED claim that were identified in the 7/31/18 Order. The Asher Joinder seeks the dismissal of Plaintiff's IIED claim against Asher for the same reasons set forth in the Motion.

**DISCUSSION**

I. **Plaintiff's Claims Against Contrades**

   A. **Aiding and Abetting**

First, this Court denies the Contrades Motion as to its argument that there is no individual liability under either Title VII or § 378-2. As this Court has ruled previously, Plaintiff is not alleging Title VII claims against the individual defendants, and claims against individuals were clearly allowed under § 378-2(3) (2011) and are clearly allowed under § 378-2(a)(3). 7/31/18 Order, 2018 WL 3638083, at *4 (discussing 1/4/18 Order).

Second, this Court denies the Contrades Motion to the extent the motion challenges Plaintiff's aiding and abetting claim on the ground that the claim does not contain sufficient allegations about either Abbatiello's discrimination complaint or Plaintiff's protected activity. This Court has previously considered and rejected similar arguments as to Plaintiff's First

7

Amended Complaint and Second Amended Complaint. Id. at *3-4 (discussing 1/16/18 Order, 2018 WL 443437, at *2). Those arguments are again rejected for the same reasons set forth in this Court's prior orders.

The 7/31/18 Order dismissed Plaintiff's aiding and abetting claim against Contrades because the Second Amended Complaint did not include sufficient factual allegations to state a plausible argument that he is not entitled to qualified immunity because he acted with malice. Id. at *7; see also id. at *6 (describing standards for qualified immunity, *i.e.* qualified or conditional privilege, under Hawai`i law). Contrades argues the Third Amended Complaint still fails to plead a plausible basis to support a finding that he acted with malice because there are still no allegations that he did anything outside of the scope of his employment. The Court disagrees.

Among the new factual allegations in the Third Amended Complaint are the following:

> r) On April 9, 2012, Deputy Chief Contrades emailed Hawaii County Deputy Chief Paul K. Ferreira for the purpose of getting Plaintiff removed from the Hawai`i E911 Board to which Plaintiff had been appointed by the Governor of the State of Hawai`i. In an email entitled "Mark Begley Status," Deputy Chief Contrades wrote that Plaintiff "does not represent us and as discussed we would like to replace him with Brandon. Can you give me the information on who to have a letter addressed to? I will have a letter drafted from the Mayor asap for the replacement."

8

. . . .

t)  On April 24, 2012, Deputy Chief Contrades emailed Chief Perry, in an email entitled "Meeting with the Mayor," informing Chief Perry that Deputy Chief Contrades had set up a meeting with the Mayor. "I set it up to discuss the E911 Board and the replacement of Begley with [Lieutenant Sherwin] Perez. I felt that we needed to explain the circumstance and rational [sic] for replacement and get his signature on the letter to the Governor vs. just sending the letter over to their office. I don't know where it would end up if we just sent it and a personal explanation would be better than a transmittal letter given who is being replaced."

. . . .

v)  On April 27, 2012, Deputy Police Chief [Paul] Ferreira of the Big Island emailed Deputy Chief Contrades "[s]ome bad news regarding Mark Begley's appointment to the E911 Board," and shared an email dated April 24, 2012 from Kerry Yoneshige at the Department of Accounting and General Services explaining that "[u]nfortunately, Mark Begley was confirmed by the full Senate on March 14 so he cannot be removed without due notice and public hearing (as noted in HRS 26-34(d)) which the Governor's office is not willing to do at this time." This email closed the issue of Plaintiff's participation on the E911 Board.

w)  On April 30, 2012, Deputy Chief Contrades emailed Chief Perry to inform him that he had, and would again, call Governor Neil Abercrombie's representative for Kauai to request assistance in removing Plaintiff from the E911 Commission. Deputy Chief Contrades wrote that when the Governor's representative returned the call, "I will be asking him for assistance to remove [Plaintiff] as an appointee."

> x) On May 3, 2012, Deputy Chief Contrades emailed Chief Perry to inform him that the Office of the Attorney General is looking into the issue of whether Assistant Chief Begley can be removed from the E911 Board.

[Third Amended Complaint at ¶¶ 122.r-x (alterations in Third Amended Complaint).] In considering the Contrades Motion, this Court must assume the factual allegations in the Third Amended Complaint are true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Based upon the foregoing paragraphs, Plaintiff was appointed to the E911 Board by the Governor and confirmed by the State Senate. Contrades contacted multiple persons outside of KPD, as well as outside of the County, in an attempt to have Plaintiff removed from the E911 Board. Even when Contrades was informed on April 24, 2012 that the Governor's office would not pursue Plaintiff's removal at that time, Contrades continued to pursue the matter. [Id. at ¶¶ 122.v-x.] These factual allegations must be read in the context of the Third Amended Complaint as a whole and, in particular, the Court notes the allegations regarding Contrades's March 15, 2012 email stating: "'It's better for the department that [Plaintiff and another individual] are not around.'" See id. at ¶ 122.f (emphasis omitted). This Court concludes Plaintiff's Third Amended Complaint includes sufficient factual allegations, which are accepted as true for purposes of the Contrades Motion, to state a

plausible argument that Contrades acted with malice.  See 7/31/18 Order, 2018 WL 3638083, at *6.  Contrades is not entitled to dismissal of Plaintiff's aiding and abetting claim based on qualified immunity/conditional privilege.

Plaintiff has therefore stated a plausible aiding and abetting claim against Contrades.  See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007))).  The Contrades Motion is denied as to Count II.

**B.    IIED**

In the 1/16/18 Order, this Court noted the only timely factual allegations supporting Plaintiff's IIED claim against Contrades in the First Amended Complaint were that KPD received an animal cruelty report against Plaintiff and Perry had Contrades order an investigation.  This Court concluded that, even considering that incident in the context of the time-barred incidents, the animal cruelty investigation was insufficient to support an IIED claim.  1/16/18 Order, 2018 WL 443437, at *4.  In the 7/31/18 Order, this Court noted the Second Amended Complaint did not allege any additional incidents that were within the statute of limitations period.  Further, this Court rejected Plaintiff's argument that the otherwise time-barred portions of

11

his IIED claim were saved by the discovery rule. Plaintiff's conclusory allegation in the Second Amended Complaint that a production of United States Equal Employment Opportunity Commission ("EEOC") documents in 2016 revealed to him the outrageous nature of incidents he was previously aware of was insufficient to state a plausible IIED claim. 7/31/18 Order, 2018 WL 3638083, at *4-5.

Plaintiff's Third Amended Complaint does not allege any incidents within the IIED statute of limitations period that were not alleged in the prior versions of his complaint. However, the Third Amended Complaint now includes allegations regarding the 11/26/16 Contrades Emails and the 9/19/16 Production. Plaintiff alleges those documents "revealed . . . facts previously unknown to Plaintiff." [Third Amended Complaint at ¶¶ 122, 123.] Considering the Third Amended Complaint as a whole and accepting Plaintiff's factual allegations as true, reasonable people may differ as to the issue of whether Contrades's actions were sufficiently outrageous to support an IIED claim. See 1/16/18 WL 443437, at *3 (setting forth the elements of an IIED claim and stating that "'[t]he question whether the actions of the alleged tortfeasor are unreasonable or outrageous is for the court in the first instance, although where reasonable people may differ on that question it should be left to the jury'" (quoting Young v. Allstate Ins. Co., 119 Hawai`i 403, 429, 198 P.3d 666, 692

(2008))). Further, Plaintiff has pled sufficient factual allegations to support a reasonable inference that his IIED claim did not accrue until he received the 11/26/16 Contrades Emails and the 9/19/16 Production. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing Twombly, 550 U.S. at 556)); 1/16/18 Order, 2018 WL 3638083, at *4 (discussing the discovery rule). Finally, for the same reasons as with Plaintiff's aiding and abetting claim against Contrades, Plaintiff's IIED claim against Contrades is supported by sufficient factual allegations to state a plausible argument that Contrades acted with malice. Contrades is not entitled to dismissal of Plaintiff's IIED claim based on qualified immunity/conditional privilege.

Plaintiff has stated a plausible IIED claim against Contrades. The Contrades Motion is therefore denied as to Count IV.

## II. County Joinder

The County Joinder is a joinder of simple agreement with the Contrades Motion. See Local Rule LR7.9 (distinguishing between a substantive joinder and a joinder of simple agreement). Because this Court has denied the Contrades Motion in its

entirety and the County Joinder merely agreed with the Contrades Motion, the County Joinder is also denied.

**III. Plaintiff's IIED Claim Against Asher**

The Asher Joinder contends that, for the reasons set forth in the Contrades Motion and for the additional reasons in the Asher Joinder, Plaintiff's IIED claim against Asher, in his individual capacity, must be dismissed.[5] This Court previously noted that Plaintiff's IIED claim against Asher is based upon two incidents – the 8/5/11 Incident and the issuance of the 5/24/12 ARB Postponement Letter,[6] both of which occurred outside of the limitations period. 1/4/18 Order, 2018 WL 295799, at *2. Plaintiff has also included allegations regarding those two incidents in the Third Amended Complaint. [Third Amended Complaint at ¶¶ 45, 77.] The Third Amended Complaint does not allege any additional actions by Asher against Plaintiff. The Third Amended Complaint includes additional allegations regarding communications about Plaintiff that Asher was involved in:

---

[5] Plaintiff's aiding and abetting claim against Asher is not at issue in the Asher Joinder.

[6] The 8/5/11 Incident refers to Asher's circulation of allegedly false and disparaging information about Plaintiff, and the 5/24/12 ARB Postponement Letter is a letter Asher sent Plaintiff informing Plaintiff that the KPD Administrative Review Board ("ARB"), which Asher was a member of, was postponing the disciplinary hearing regarding charges brought against Plaintiff based on a February 22, 2012 incident. See 1/4/18 Order, 2018 WL 295799, at *2.

14

b)  On February 1, 2012, Chief Perry emailed Deputy Chief Contrades, Assistant Chief [Alejandre] Quibilan and Assistant Chief Asher informing them that he had directed two KPD officers "to report to [Deputy Chief Contrades] directly and not to Begley."

. . . .

y)  On May 7, 2012, in an effort to initiate another Internal Affairs investigation against Plaintiff and to force an officer into providing testimony against Plaintiff, Chief Perry emailed Jesse Guirao of [the State of Hawaii Organization of Police Officers], Kauai Chapter.  Chief Perry wrote that he wished to speak with Mr. Guirao regarding "the alleged release of confidential information by Assistant Chief Begley to Office[r] Hsu. . . .  However, we have received information that as a witness, Officer Hsu has stated he will not be cooperating.  We have not officially been in communication with Officer Hsu because he has not acknowledged Assistant Chief Roy Asher's emails.["] . . .

. . . .

ff) On [May 18, 2012], Chief Perry emailed Assistant Chief Asher regarding an allegation that Plaintiff had disseminated confidential information of another KPD officer, stating "Please submit a short report concerning this issue.  Send it to me, then I'll draft a request to IA to do an investigation.  Don't worry about the charges, I'll take of [sic] that part, just submit what you were involved in.  Mahalo.  K1[.]"

. . . .

ww) On [September 27, 2012], Chief Perry emailed Assistant Chief Asher and others, including Deputy Chief Contrades, the following about Plaintiff's computer: "If the County Attorney attempts to retrieve the computer, under no circumstances is it to be turned over unless

15

by court order.  Even if they produce a subpoena work with the OPA [Office of the Prosecuting Attorney] and if necessary go ahead and open a criminal case and place the computer in evidence.  Let me know immediately if the CA [County Attorney] attempts anything, and don't take orders from anyone except from myself of [sic] the Deputy — not the Mayor, Managing Director, Police Commission, and especially not the County Attorney.  I have cc'd the OPA on this, just in case.  Take care.  K1."

xx) Assistant Chief Asher responded to Chief Perry's email, stating "I am in receipt and acknowledge your directive.  I have no concerns or objection and will whole heartedly abide and support it."

yy) On September 30, 2012, Chief Perry emailed Lt. Perez, Assistant Chief Asher and Deputy Chief Contrades, admitting to interference in an Internal Affairs investigation of Plaintiff by conducting an end-run around the County Attorney: "I had to secure Mark's computer in the IA because we might have to examine it for evidence in an on-going investigation and I didn't want the County Attorney to direct IT to take it to their office because the CA might be involved."

. . . .

fff) On January 9, 2013, Chief Perry emailed Mel Rapozo seeking to interfere in the processing of EEOC complaints, stating that three persons, including "MB," have included Chief Perry's wife, Solette, in their EEOC complaints.  "If a neutral party doesn't intercede soon, this is going to blow up and the County will stand to lose millions not to mention a total disintegration of confidence by the public."

ggg) On January 9, 2013, Assistant Chief Asher concurred in the January 9, 2013 email of Chief Perry, stating in a follow-up email to Mel Rapozo: "I share and whole heartedly

>             endorse the sentiments the Chief has
>             expressed."

[Third Amended Complaint at ¶¶ 122.b-ggg (some alterations in Third Amended Complaint).]  Even accepting the factual allegations as true for purposes of the Asher Joinder, the majority of the allegations merely establish that Asher received emails from Perry, Asher's superior at KPD.  As to Perry's September 27, 2012 email and January 9, 2013 email, Asher wrote emails expressing agreement with, and endorsement of, Perry's emails.  [Id. at ¶¶ 122.xx, 122.ggg.]  Even accepting Plaintiff's allegations that Chief Perry's actions described in the foregoing emails were part of a scheme to retaliate against Plaintiff for his support of and involvement with the Abbatiello Complaint, and that Asher agreed with and expressed support for the scheme, there is no allegation that Asher took any action as part of the scheme, nor that Asher's expression of agreement and support contributed to the scheme in any way.  Paragraph 122.y refers to the fact that Asher sent emails to Officer Hsu, who Perry apparently wanted to use as a witness in an Internal Affairs investigation against Plaintiff.  However, even accepting Plaintiff's allegation that Perry intended the investigation to be part of the retaliatory scheme against Plaintiff, there are insufficient factual allegations to support a reasonable inference that Asher's emails to Officer Hsu constituted participation in the retaliatory scheme.

The emails involving Asher that Plaintiff learned about after the production of the 11/26/16 Contrades Emails do not show conduct by Asher about which "'reasonable people may differ on th[e] question'" of whether the conduct was "'without cause or excuse and beyond all bounds of decency.'" See 1/16/18 Order, 2018 WL 443437, at *3 (quoting Young, 119 Hawai`i at 429, 198 P.3d at 692; Enoka v. AIG Hawaii Ins. Co., 109 Hawai`i 537, 559, 128 P.3d 850, 872 (2006)). Further, neither the allegations regarding the 11/26/18 Contrades Emails nor any of the other factual allegations in the Third Amended Complaint support a plausible position that Plaintiff did not know, and could not reasonably have known, about the outrageousness of Asher's otherwise time-barred conduct until after Plaintiff reviewed the materials he obtained in the 2016 productions.

Plaintiff's Third Amended Complaint does not allege any incidents involving Asher which occurred within the two-year limitations period for Plaintiff's IIED claim. Further, there are insufficient factual allegations in the Third Amended Complaint to support Plaintiff's position that his IIED claim against Asher did not accrue until after the document productions in 2016. Plaintiff's IIED claim against Asher, in his individual capacity, is therefore dismissed as time-barred.[7] Further, the

---

[7] Because this Court has dismissed Plaintiff's IIED claim against Asher, in his individual capacity, as time-barred, it is
(continued...)

18

dismissal is with prejudice because this Court concludes it is clear that Plaintiff cannot cure the defect in this claim by amendment. See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)); see also Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (noting that the failure "to correct . . . deficiencies in [a] Second Amended Complaint is a strong indication that the plaintiffs have no additional facts to plead" (citation and internal quotation marks omitted)).

## CONCLUSION

On the basis of the foregoing, Contrades's Motion to Dismiss Plaintiff's Third Amended Complaint Filed Herein on August 31, 2018, which he filed on September 14, 2018, in his individual capacity; and the County Defendants' joinder of simple agreement, filed September 20, 2018, are HEREBY DENIED. Asher's substantive joinder in the Contrades Motion, which Asher filed on September 21, 2018, in his individual capacity, is HEREBY

---

[7] (...continued)
not necessary to address the issue of whether Asher would be entitled to qualified immunity/conditional privilege as to that claim.

GRANTED.  Plaintiff's IIED claim against Asher is HEREBY DISMISSED WITH PREJUDICE.

Contrades is ORDERED to file his answer to Plaintiff's Third Amended Complaint by **January 14, 2019**.[8]  Contrades is CAUTIONED that this deadline will not be affected by any motion for reconsideration that is filed regarding this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 27, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARK N. BEGLEY VS. COUNTY OF KAUAI, ET AL; CIVIL 16-00350 LEK-RLP; ORDER: DENYING DEFENDANT MICHAEL CONTRADES'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FILED HEREIN ON AUGUST 31, 2018; DENYING THE COUNTY DEFENDANTS' JOINDER OF SIMPLE AGREEMENT; AND GRANTING DEFENDANT ROY ASHER'S SUBSTANTIVE JOINDER**

---

[8] The County Defendants and Asher, in his individual capacity, filed their answers to the Third Amended Complaint on September 13 and 14, 2018, respectively.  [Dkt. nos. 358, 359.]