IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK N. BEGLEY, | ) | CIVIL 16-00350 LEK-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF KAUAI, KAUAI POLICE | ) | |
| DEPARTMENT, DARRYL PERRY, ROY | ) | |
| ASHER, MICHAEL CONTRADES AND | ) | |
| DOE DEFENDANTS 16-100, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT CONTRADES'S
MOTION TO AMEND RULE 16 SCHEDULING ORDER AND DENYING
THE COUNTY DEFENDANTS' JOINDER OF SIMPLE AGREEMENT**

On March 22, 2019, Defendant Michael Contrades ("Contrades"), in his individual capacity, filed his Motion to Amend Rule 16 Scheduling Order ("Motion"). [Dkt. no. 531.] On March 25, 2019, Defendants County of Kauai ("the County"); Kauai Police Department ("KPD"); Darryl Perry ("Perry"), in his official capacity; and Contrades, in his official capacity (collectively, "County Defendants"), filed a joinder of simple agreement in the Motion ("Joinder"). [Dkt. no. 533.] Plaintiff Mark N. Begley ("Plaintiff") filed his memorandum in opposition on April 8, 2019, and Contrades filed his reply on April 22, 2019. [Dkt. nos. 541, 551.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule

LR7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Contrades's Motion and the County Defendants' Joinder are hereby denied for the reasons set forth below.

**BACKGROUND**

Plaintiff filed his original Complaint on June 27, 2016, and he filed his First Amended Complaint on May 5, 2017. [Dkt. nos. 1, 103.] Plaintiff filed his Second Amended Complaint on February 15, 2018. [Dkt. no. 201.] The operative pleading is Plaintiff's Third Amended Complaint, filed on August 31, 2018. [Dkt. no. 349.]

Prior to the filing of the Third Amended Complaint, trial was scheduled to begin on November 20, 2018, and the dispositive motions deadline was June 20, 2018. [Second Amended Rule 16 Scheduling Order, filed 4/23/18 (dkt. no. 277), at ¶¶ 1, 7.] On June 20, 2018, Perry, in his individual capacity, filed his Motion for Summary Judgment ("Perry Motion"). [Dkt. no. 311.] On June 27, 2018, the County Defendants filed a substantive joinder in the Perry Motion ("County Joinder"). [Dkt. no. 323.]

After the filing of the Third Amended Complaint, the trial date was subsequently continued to May 6, 2019. [Amended Rule 16 Scheduling Order, filed 9/10/18 (dkt. no. 355) ("9/10/18 Scheduling Order"), at ¶ 1.] The 9/10/18 Scheduling Order

2

specifically stated: "Dispositive motions shall be filed by **December 4, 2018. Only Dispositive Motions as to the Emotional Distress Claims may be filed.**" [Id. at ¶ 7 (emphasis in original).] It also stated the non-dispositive motions deadline was February 6, 2019. [Id. at ¶ 6.]

The Perry Motion and the County Joinder were construed as addressing the Third Amended Complaint because: the Second Amended Complaint and the Third Amended Complaint allege the same claims; and "the changes between the Second Amended Complaint and the Third Amended Complaint involved Plaintiff's claims against Contrades, in his individual capacity, which [we]re not at issue in the Perry Motion and the County Joinder, and the timeliness of the [intentional infliction of emotional distress] claim." [Summary Judgment Order; etc., filed 4/11/19 (dkt. no. 549) ("4/11/19 Summary Judgment Order"), at 24.[1]] The Perry Motion was denied in its entirety, and the County Joinder was granted in part and denied in part. 4/11/19 Summary Judgment Order, 2019 WL 1590568, at *21. This Court, *inter alia*, stated it could not rule on: Perry's qualified/conditional privilege defense on summary judgment; id. at *14; or the County Defendants' qualified immunity defense to Plaintiff's federal

---

[1] The 4/11/19 Summary Judgment Order is also available at 2019 WL 1590568.

retaliation claim,[2] id. at *17.  The 4/11/19 Summary Judgment Order also stayed the portions of Plaintiffs' remaining state law claims based on acts related to the County's Return to Work Program ("RTWP") and directed the parties to submit letter briefs addressing whether the stayed claims can be severed or whether the entire case must be stayed.  Id. at *21.  The parties submitted their letter briefs on April 26, 2019, [dkt. nos. 553 to 556,] and the issue is still pending before this Court.

On September 14, 2018, Contrades filed a motion to dismiss the Third Amended Complaint ("Motion to Dismiss").  [Dkt. no. 360.]  This Court denied the Motion to Dismiss in an order filed on December 27, 2018 ("12/27/18 Dismissal Order").  [Dkt. no. 434.[3]]  On January 10, 2019, Contrades filed a motion for reconsideration of the 12/27/18 Dismissal Order ("Motion for Reconsideration"), which this Court denied in an order filed on March 7, 2019 ("3/7/19 Reconsideration Order").  [Dkt. no. 520.[4]]

---

[2] Count I of the Third Amended Complaint alleges retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) and Haw. Rev. Stat. Chapter 368 and Haw. Rev. Stat. § 378-2(a)(2), against the County and KPD.

[3] The 12/27/18 Dismissal Order is also available at 2018 WL 6816045.

[4] The 3/7/19 Reconsideration Order is also available at 2019 WL 1086346.

4

On April 1, 2019, Contrades filed a notice of appeal from this Court's ruling that he was not entitled to dismissal of Plaintiff's claims based on qualified/conditional privilege.[5] [Dkt. no. 535.] The Court directed the parties to submit letter briefs addressing the effect of Contrades's appeal. [EO, filed 4/4/19 (dkt. no. 538).] The parties submitted their letter briefs on April 9, 2019, [dkt. nos. 543 to 546,] and the Court held a status conference on April 12, 2019, [Minutes, filed 4/12/19 (dkt. no. 550)]. However, this Court ultimately determined that Contrades's appeal does not require a stay of the case.

On February 14, 2019, Perry, in his individual capacity, moved to continue the May 6, 2019 trial date, in light of his recovery from injuries that he sustained in a serious accident. [Dkt. no. 473.] The motion was granted, and the trial was continued to August 26, 2019. [Minutes, filed 3/14/19 (dkt. no. 523); Amended Rule 16 Scheduling Order, filed 3/18/19 (dkt. no. 527) ("3/18/19 Scheduling Order"), at ¶ 1.] The 3/18/19 Scheduling Order noted that both the non-dispositive

---

[5] "A district court's denial of qualified immunity on legal grounds is a final decision subject to interlocutory appeal." Knox v. Sw. Airlines, 124 F.3d 1103, 1106 (9th Cir. 1997) (citations omitted).

motions deadline and the dispositive motions deadline were closed. [Id. at ¶ 7.]

Contrades filed the instant Motion after the filing of the 3/18/19 Scheduling Order. He seeks an amendment of the 3/18/19 Scheduling Order to allow him to file a motion for summary judgment. Contrades contends there is good cause for the amendment because: the 3/7/19 Reconsideration Order contemplated his filing of a motion for summary judgment; and previously unavailable testimony from Plaintiff and his treating physician demonstrates that Contrades did not act with malice nor animus toward Plaintiff, and Contrades was acting within the authority and discretion of his position with KPD.

## **STANDARD**

Fed. R. Civ. P. 16(b)(4) states that a court's scheduling order "may be modified only for good cause and with the judge's consent." This district court has stated:

> The Rule 16(b) good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). The pretrial schedule may be modified if the deadline could not have been reasonably met despite the diligence of the party seeking the extension. Id. (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)) (internal quotation marks and citations omitted).
>
> . . . .
>
> . . . Rule 16 is designed to prevent parties from benefitting from carelessness,

6

> unreasonability, or gamesmanship. In re Cathode
> Ray Tube Antitrust Litigation, 2014 WL 4954634,
> *2 (N.D. Cal. Oct. 1, 2014) (citing Orozco v.
> Midland Credit Mgmt. Inc., 2013 WL 3941318, at *3
> (E.D. Cal. July 30, 2013)). . . .
>
> Diligence of the party seeking amendment is
> the critical issue in the good cause
> determination. The diligence required for a
> showing of good cause has two parts:
>
>> (1) diligence in discovering the basis for
>> amendment; and,
>>
>> (2) diligence in seeking amendment once the
>> basis for amendment has been discovered.
>
> Positive Techs., Inc. v. Sony Elecs., Inc., 2013
> WL 322556, at *2 (N.D. Cal. Jan. 28, 2013).

Rigsbee v. City & Cty. of Honolulu, Civ. No. 17-00532 HG-RT, 2019 WL 984276, at *3-4 (D. Hawai`i Feb. 28, 2019).

**DISCUSSION**

**I.  3/7/19 Reconsideration Order**

Contrades asserts the 3/7/19 Reconsideration Order "implicitly invited" him to seek an amendment of the operative scheduling order to file a motion for summary judgment. [Mem. in Supp. of Motion at 1-2.] In the 12/27/18 Dismissal Order, this Court, *inter alia*, rejected Contrades's argument that he was entitled to dismissal of Plaintiff's claims against him based on qualified/conditional privilege.[6]  2018 WL 6816045, at

---

[6] Plaintiff alleges the following claims against Contrades, in his individual capacity: aiding and abetting retaliation, under Haw. Rev. Stat. Chapter 368 and Haw. Rev. Stat.

(. . . continued)

7

\*3-6. As to Count II, this Court concluded that "Plaintiff's Third Amended Complaint includes sufficient factual allegations, which are accepted as true for purposes of [Contrades's Motion to Dismiss], to state a plausible argument that Contrades acted with malice."[7] Id. at \*4. This Court reached the same conclusion as to Count IV. Id. at \*5. Contrades's Motion for Reconsideration argued this Court erred in its rulings regarding the sufficiency of Plaintiff's malice allegations.

After concluding that nothing in Contrades's Motion for Reconsideration constituted a ground for reconsideration of the 12/27/18 Dismissal Order, this Court stated, "to the extent that Contrades argues other evidence shows he did not act with malice and/or his actions had a legitimate purpose, nothing in the 12/27/18 [Dismissal] Order prevents him from revisiting the

---

§ 378-2(a)(3) ("Count II"); and intentional infliction of emotional distress ("Count IV").

[7] This Court's July 31, 2018 order granting in part and denying in part Contrades's motion to dismiss the Second Amended Complaint ("7/31/18 Dismissal Order") describes the standard for determining whether a defendant is entitled to the qualified or conditional privilege under Hawai`i law. [7/31/18 Dismissal Order (dkt. no. 340) at 15-17.] The 7/31/18 Dismissal Order is also available at 2018 WL 3638083. "When a public official is motivated by malice, and not by an otherwise proper purpose, Hawaii law provides that the cloak of immunity is lost and the official must defend the suit the same as any other defendant." 7/31/18 Order, 2018 WL 3638083, at \*6 (some citations omitted) (citing Marshall v. Univ. of Haw., 821 P.2d 937, 946 (Haw. Ct. App. 1991), *abrogated on other grounds by* Hac v. Univ. of Haw., 73 P.3d 46 (Haw. 2003)).

8

qualified immunity/conditional privilege issue in a motion for summary judgment and/or at trial." 3/7/19 Reconsideration Order, 2019 WL 1086346, at *2. Contrades's argument that this statement was an encouragement to move to amend the operative scheduling order is misplaced.

By the time Contrades filed his Motion for Reconsideration on January 10, 2019, the dispositive motions deadline had already passed. See 9/10/18 Scheduling Order at ¶ 7. The quoted statement in the 3/7/19 Reconsideration Order merely recognized that Contrades **could** move to amend the scheduling order if he wanted to file a motion for summary judgment. This Court did not suggest that he **should** do so, nor did this Court indicate that it would grant a motion to extend the dispositive motions deadline. Nothing in the 3/7/19 Reconsideration Order reduces Contrades's burden in the instant Motion; he must establish that there is good cause to extend the dispositive motions deadline.

## II. Good Cause

### A. Gamesmanship

A scheduling order should not be amended to allow a party to "benefit[] from . . . gamesmanship." Rigsbee, 2019 WL 984276, at *4 (citing In re Cathode Ray Tube Antitrust Litigation, 2014 WL 4954634, *2 (N.D. Cal. Oct. 1, 2014)). Contrades chose to move for dismissal of the Third Amended

Complaint. Further, although the written order denying the Motion to Dismiss was filed on December 27, 2018, this Court issued an entering order November 6, 2018, informing the parties of its rulings on the Motion to Dismiss. [Dkt. no. 411.] Because Contrades knew, almost a month before the December 4, 2018 dispositive motions deadline, that the claims against him would not be dismissed, he could have filed a motion for summary judgment prior to the December 4, 2018 deadline. If he was unable to file a motion for summary judgment between November 6, 2018 and December 4, 2018, Contrades could have filed a motion to amend the scheduling order during that period. He did not do so.

Even after the 12/27/18 Dismissal Order was filed, Contrades chose to file the Motion for Reconsideration, which merely regurgitated arguments he previously raised in the Motion to Dismiss. See 3/7/19 Reconsideration Order, 2019 WL 1086346, at *2 ("The arguments Contrades makes in the Motion for Reconsideration . . . were raised in connection with the Motion to Dismiss and considered by this Court." (citations omitted)). Contrades could have filed a motion to amend the scheduling order while the Motion for Reconsideration was pending. Instead, he waited until approximately two weeks after the 3/7/19 Reconsideration Order was filed to bring the instant Motion.

10

Contrades made strategic decisions to file the Motion to Dismiss and the Motion for Reconsideration and to wait until after those strategies failed to seek an amendment of the scheduling order. The fact that the strategic decision to file the Motion to Dismiss and the Motion for Reconsideration was unsuccessful does not constitute good cause to amend the dispositive motions deadline. To rule otherwise would allow Contrades to benefit from gamesmanship.

**B.   Newly Available Evidence**

Plaintiff's treating psychologist, Dianne Gerard, Ph.D., and Plaintiff were both deposed after the dispositive motions deadline. See Motion, Decl. of Counsel, Exh. A (excerpts of draft trans. of 2/27/19 depo. of Dr. Gerard ("Gerard Depo.")), Exh. B (excerpts of draft trans. of 3/7/19 depo. of Pltf. ("Pltf. Depo.")). Contrades argues there is good cause to extend the dispositive motions deadline because testimony given during those depositions supports his intended motion for summary judgment. Specifically, Dr. Gerard testified that, during her sessions with Plaintiff, he gave her a copy of the notices of disciplinary action ("NDAs") against him, and he discussed each, denying that there was a basis for discipline. [Gerard Depo. at 103-05.] In his deposition, Plaintiff confirmed he discussed the NDAs "generally" with Dr. Gerard. [Pltf. Depo. at 204.]

11

First, Dr. Gerard is a witness that was known to Contrades and the other defendants long before her February 2019 deposition. See, e.g., 4/11/19 Summary Judgment Order, 2019 WL 1590568, at *9 & n.10 ("The County Department of Personnel Services sent Plaintiff a letter dated November 24, 2014, stating Plaintiff's psychologist informed the office that Plaintiff would not able to return to work at KPD." (citing correspondence between Dr. Gerard and Ele Wood in April 2014 regarding Plaintiff's work restrictions).[8] The fact that the parties waited until February 2019 to depose Dr. Gerard and until March 2019 to depose Plaintiff does not show diligence. This Court finds that Contrades did not exercise "diligence in discovering the basis for amendment" of the dispositive motions deadline. See Rigsbee, 2019 WL 984276, at *4 (quoting Positive Techs., Inc. v. Sony Elecs., Inc., 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013)).

Further, the fact that Plaintiff contested the legitimacy of the NDAs and the fact that the defendants asserted there was a legitimate basis for all of the NDAs were already known to the parties prior to Dr. Gerard's deposition. See,

---

[8] Brandvold Ku, Inc. was the insurance adjusting company that handled Plaintiff's workers' compensation claim. Ele Wood was the Senior Adjuster assigned to the claim. 4/11/19 Summary Judgment Order, 2019 WL 1590568, at *8.

12

e.g., 4/11/19 Order, 2019 WL 1590568, at *4-6 (listing multiple internal investigations opened regarding Plaintiff, including NDAs issued by Contrades, and noting that Perry argued each NDA had an evidentiary basis).[9] Moreover, if the excerpt of Dr. Gerard's deposition attached to the Motion was submitted by Contrades in support of a motion for summary judgment, this Court would have to view it in the light most favorable to Plaintiff. See Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013). So construed, Dr. Gerard's testimony would not support rulings that there is no genuine issue of material fact and Contrades is entitled to the qualified/conditional privilege for Plaintiff's claims arising from the NDAs as a matter of law. Further, Plaintiff's claims against Contrades are based upon other incidents besides the issuance of the NDAs. See, e.g., 12/27/18 Order, 2018 WL 6816045, at *4 (discussing allegations that Contrades attempted to have Plaintiff removed from the E911 Board).

In light of the forgoing, this Court finds that Dr. Gerard's deposition testimony in February 2019 and Plaintiff's deposition testimony in March 2019 do not constitute

---

[9] Perry filed the materials cited in this passage of the 4/11/19 Summary Judgment Order in June and July of 2018. See generally Perry's concise statement of facts in supp. of Perry Motion, filed 6/20/18 (dkt. no. 310); Suppl. decl. of Greg H. Takase re: Perry Motion, filed 7/2/18 (dkt. no. 326).

13

previously unavailable evidence.  Therefore the testimony does not establish good cause to amend the dispositive motions deadline.

**III. <u>Other Circumstances Delaying the Trial Date</u>**

This Court continued the May 6, 2019 trial date in light of issues related to Perry's recovery.  The trial date may be continued further: 1) in light of the stay of Plaintiff's state law claims related to the RTWP; and/or 2) if Perry, in his individual capacity, or the County Defendants file an appeal of this Court's rulings on qualified immunity and/or the qualified/conditional privilege.  Thus, there would be time for the parties to brief a motion for summary judgment filed by Contrades and for this Court to rule upon the motion.  However, the focus of the Court's inquiry in determining whether to amend the scheduling order is whether Contrades was diligent and whether he could have reasonably complied with the dispositive motions deadline through the exercise of diligence.  <u>See</u> <u>Zivkovic</u>, 302 F.3d at 1087.  The issues related to Perry's recovery, the stay of claims related to the RTWP, and the possible appeal by Perry or the County Defendants are not relevant to the issue of whether Contrades was diligent.  This Court therefore declines to consider those circumstances in ruling on the instant Motion.

**IV. Ruling**

Having considered all of the relevant circumstances, this Court finds that Contrades has not established good cause to amend the operative scheduling order. Therefore, Contrades has failed to establish any ground that warrants an extension of the dispositive motions deadline.

## CONCLUSION

On the basis of the foregoing, Contrades's Motion to Amend Rule 16 Scheduling Order, filed March 22, 2019, and the County Defendants' joinder of simple agreement in the Motion, filed March 25, 2019, are HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, May 3, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MARK H. BEGLEY VS. COUNTY OF KAUAI, ET AL; CV 16-00350 LEK; ORDER DENYING DEFENDANT CONTRADES'S MOTION TO AMEND RULE 16 SCHEDULING ORDER AND DENYING THE COUNTY DEFENDANTS' JOINDER OF SIMPLE AGREEMENT**